John M. Neukom (SBN 275887)
johnneukom@quinnemanuel.com
Andrew M. Holmes (SBN 260475)
drewholmes@quinnemanuel.com
**QUINN EMANUEL URQUHART & SULLIVAN, LLP**
50 California Street, 22nd Floor
San Francisco, California 94111
Telephone (415) 875-6600
Facsimile (415) 875-6700

Attorneys for Plaintiff
FORTINET, INC.

Michael J. Bettinger (SBN 122196)
mike.bettinger@klgates.com
Shane Brun (SBN 179079)
shane.brun@klgates.com
Eric C. Rusnak (admitted *pro hace vice*)
eric.rusnak@klgates.com
**K&L GATES LLP**
Four Embarcadero Center, Suite 1200
San Francisco, CA 94111-5994
Telephone: (415) 882-8200
Facsimile: (415) 882-8220

Attorneys for Defendant
FIREEYE, INC.

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| FORTINET, INC.,<br><br>          Plaintiff,<br><br>     v.<br><br>FIREEYE INC.,<br><br>          Defendant. | Case No.: 5:13-cv-02496-EJD<br><br>JOINT CASE MANAGEMENT STATEMENT<br><br>Date:   September 27, 2013<br>Time:  10:00 a.m.<br>Place:  Courtroom 4, 5th Floor<br>Judge: Honorable Edward J. Davila<br><br>**JURY TRIAL DEMANDED** |

Pursuant to Civil L.R. 16-9 and Federal Rule of Civil Procedure 26(f), Plaintiff Fortinet, Inc. ("Plaintiff" or "Fortinet") and Defendant FireEye Inc. ("Defendant" or "FireEye") jointly submit this Case Management Conference Statement in advance of the September 27, 2013 case management conference.

This case involves patent, trade secret and common-law claims brought by Fortinet against FireEye. As explained below, FireEye has filed a motion to dismiss, which is scheduled for argument in December 2013. FireEye has therefore requested, and Fortinet has agreed as an accommodation, that no discovery occur and that no Patent Local Rule deadlines take effect until after that motion to dismiss is decided. Fortinet's agreement to this request is contingent upon FireEye's agreement—which FireEye has provided—not to cite this agreement by Fortinet to support any claim or defense by FireEye, or to cite this agreement to support any future request for additional delay of this case.

1.   **Jurisdiction, Venue, and Service**

This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1367 and 1338(a). The parties are not aware of any issues with respect to personal jurisdiction or venue. All parties have been served.

2.   **Facts**

On August 22, 2012, Plaintiff filed suit in the District of Delaware, asserting claims for patent infringement; trade secret misappropriation; intentional interference with contractual relations; and intentional interference with prospective economic advantage and/or relations. Docket No. 1. On September 28, 2012, Plaintiff filed an amended complaint asserting the same claims. Docket No. 8. Plaintiff is asserting U.S. Patent Nos. 8,056,135; 8,204,933; 7,580,974; 7,979,543; 8,051,483; and 8,276,205 ("patents-in-suit"). Thereafter, Defendant moved to dismiss and transfer the case. Docket Nos. 12-15 and 21-22. On May 16, 2013, the United States District

1  Court for the District of Delaware granted Defendant's motion to transfer the case to this District,

2  and denied as moot Defendant's motion to dismiss. Docket No. 31.

3  Since transfer to this Court, Defendant has filed a new motion to dismiss. Docket No. 45.

4  That motion to dismiss is now fully briefed and scheduled for argument on December 6, 2013.

5  Docket Nos. 49 (Defendant's Opposition); 54 (Plaintiff's Reply); and 50 (Clerk's Notice setting

6

7  argument date).

8      3.    **<u>Legal Issues</u>**

9  Subject to and without waiving their respective positions and arguments, the parties assert

10 that some of the disputed issues include, but are not limited to, the following:

- Whether Plaintiff has stated claims for relief in the current complaint;
- Whether Defendant has infringed the patents-in-suit, directly and/or indirectly;
- Whether the patents-in-suit are invalid under 35 U.S.C. §§ 101, 102, 103, 112, and/or 116;
- Whether Defendant has misappropriated Plaintiff's trade secrets;
- Whether Defendant has interfered tortiously with Plaintiff's contractual relations and/or prospective economic relations;
- Whether Plaintiff is entitled to injunctive relief; and
- Whether Plaintiff is entitled to damages, and if so, the amount of damages to which Plaintiff is entitled.

Each party reserves the right to revise or supplement this list.

    4.    **<u>Motions</u>**

Defendant's motion to dismiss is currently pending, and scheduled for argument on

December 6, 2013. Docket Nos. 45, 49 and 54.

5. **Amendment of Pleadings**

The parties do not presently anticipate amending their pleadings, but reserve their rights to do so as the case develops.

6. **Evidence Preservation**

The parties are aware of document preservation obligations and have taken steps to comply with those obligations.

7. **Disclosures**

Subject to the Court's approval, the parties agree to serve the parties' Initial Disclosures, Infringement Contentions, and Invalidity Contentions in accordance with the proposed dates in Section 17 below ("Scheduling").

8. **Discovery**

No discovery has taken place to date. Subject to certain conditions described above, the parties have stipulated that no discovery will occur until after the Court decides FireEye's pending motion to dismiss. Docket Nos. 45, 49 and 54.

A. **Electronically Stored Information**

The parties agree that documents shall be produced in single-page TIFF format images with load files, and that reasonable efforts will be made to suppress duplicates and near duplicates. The parties agree that all documents will be exchanged on discs, by email, or other digital storage medium (including but not limited to "zip" files and FTP transfer). To the extent either party believes, on a case-by-case basis, that documents should be produced in an alternative format, or that metadata should be produced, the parties have agreed that they will meet and confer in good faith concerning such alternative production arrangements. The parties have further agreed that they will meet and confer in good faith to ensure that the format of each party's production is compatible with the technical requirements of the receiving party's document management

system.

In addition, the parties propose that this case be governed by the Federal Circuit's Model e-Discovery Order with slight modifications that the parties have agreed upon, as reproduced below:

1. This Order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2. This Order may be modified for good cause. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3. Costs will be shifted for disproportionate ESI production requests pursuant to Federal Rule of Civil Procedure 26. Likewise, a party's nonresponsive or dilatory discovery tactics will be cost-shifting considerations.

4. A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

5. General ESI production requests under Federal Rule of Civil Procedure 34 and 45 shall not include metadata absent a showing of good cause. However, fields showing the date and time that the document was sent and received, as well as the complete distribution list, shall generally be included in the production.

6. General ESI production requests under Federal Rules of Civil Procedure 34 and 45 shall not include email or other forms of electronic correspondence (collectively "email"). To obtain email parties must propound specific email production requests.

7. Email production requests shall only be propounded for specific issues, rather than general

discovery of a product or business.

8. Email production requests shall be phased to occur after the parties have exchanged initial disclosures and basic documentation about the patents, the prior art, the accused instrumentalities, and the relevant finances.  While this provision does not require the production of such information, the Court encourages prompt and early production of this information to promote efficient and economical streamlining of the case.

9. Email production requests shall identify the custodian, search terms, and time frame.  The parties shall cooperate to identify the proper custodians, proper search terms and proper timeframe.

10. Each requesting party shall limit its email production requests to (i) custodians who have been employed by both parties (for example, former Fortinet employees who later worked for FireEye); and (ii) ten additional custodians.  The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for up to five additional custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

11. Each requesting party shall limit its email production requests to a total of ten search terms per custodian per party.  The parties may jointly agree to modify this limit without the Court's leave.  The Court shall consider contested requests for up to five additional search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case.  The search terms shall be narrowly tailored to particular issues.  Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction.  A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term.  A

disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

12. The receiving party shall not use ESI that the producing party asserts is attorney-client privileged or work product protected to challenge the privilege or protection.

13. Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.

14. The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

### B. Discovery Limitations

The parties agree to the following limits on discovery:

- Each party is limited to 25 interrogatories; and
- Each party is limited to 50 requests for admissions, not including requests for admission for the purpose of authenticating documents.

The parties further agree to the following limits on depositions:

- Each party is limited to 7 total hours of expert witness deposition testimony for each expert retained by the opposing party; if a party uses the same expert witness for both infringement/non-infringement and validity/invalidity topics, the limit shall be 14 hours.
- Each party is limited to 100 total hours of fact witness deposition testimony (30(b)(6) deposition is included within the 100 total hours, and the 30(b)(6) testimony shall be

limited to 14 hours per side); and

- No deposition of a witness shall exceed 7 hours on the record in a single day.

### C.     Topics Required Under Patent Local Rule 2-1

*1.     Proposed modification of the obligations or deadlines set forth in these Patent Local Rules to ensure that they are suitable for the circumstances of the particular case (see Patent L.R. 1-3).*

The parties have agreed and jointly request that the obligations and deadlines set forth in this District's Patent Local Rules not commence until after the Court has resolved FireEye's pending motion to dismiss.

*2.     The scope and timing of any claim construction discovery including disclosure of and discovery from any expert witness permitted by the Court.*

The parties have agreed and jointly request that claim construction discovery and related disclosures not commence until after the Court has resolved FireEye's pending motion to dismiss

*3.     The format of the Claim Construction Hearing, including whether the Court will hear live testimony, the order of presentation, and the estimated length of the hearing.*

The parties do not believe that live testimony will be necessary.  Nevertheless, the case is in a preliminary stage, and the parties reserve the right to offer live testimony at the claim construction hearing.  In addition, whether the claim construction hearing proceeds on a claim term by claim term basis or with argument on all terms followed by a response, the parties agree that Plaintiff may present first.   The parties are presently unsure of the length of the *Markman* hearing.

*4.     How the parties intend to educate the Court on the technology at issue.*

The parties intend to present the Court with a technology tutorial prior to the Claim Construction Hearing.

### D.   Other Orders Under Fed. R. Civ. P. 26(c) and 16(b)

The parties request that no scheduling order issue at this time, but rather that the parties will submit a proposed schedule after the Court has resolved FireEye's pending motion to dismiss.

### 9.   **Class Actions**

This case is not a class action.

### 10.   **Related Cases**

There are no related cases.

### 11.   **Relief**

Plaintiff requests the Court to enter judgment as follows: FireEye has infringed one or more claims of one or more patents asserted by Fortinet in this case; FireEye's patent infringement has been willful and deliberate, and Fortinet is therefore entitled to trebled damages; FireEye pay Fortinet damages for patent infringement; this patent case is exceptional and FireEye pay Fortinet attorney's fees, costs and expenses incurred by Fortinet in this case; FireEye has misappropriated Fortinet trade secrets, willfully, maliciously and with intent to injure Fortinet's business and to improve its own business, and Fortinet is therefore entitled to exemplary damages and attorney's fees and costs and expenses; FireEye has intentionally interfered with Fortinet contracts, prospective business and/or economic advantages and/or relations; FireEye pay damages to Fortinet for trade secret misappropriation and intentional interference claims; FireEye pay Fortinet pre- and post-judgment interest as appropriate on all damages awarded to Fortinet; FireEye is permanently enjoined from infringing Fortinet's patents, and mis-using Fortinet trade secrets; FireEye return all of Fortinet's trade-secret and confidential materials; Fortinet is entitled to all other such relief as is permitted by law and requested in Fortinet's amended complaint and/or as this Court deems appropriate.

At this time, Defendant requests the Court to enter an order on Defendant's pending

99998.77952/5529944.1                                                             -8-                                     Case No. 5:13-cv-02496-EJD
                                                                                                                                        JOINT CASE MANAGEMENT STATEMENT

1  motion to dismiss finding that Plaintiff has failed to state a claim against Defendant and
2  dismissing Plaintiff's complaint.  If Defendant's motion is denied, or or if Plaintiff is able to
3  properly state a claim in an amended complaint, Defendant will state further claims for relief in its
4  answer and counterclaims.

5      12.    **Settlement and ADR**

6      The parties agree that ADR measures are substantially more likely to be productive in this
7  case if occurring after the Court has resolved claim construction disputes, and so jointly ask for no
8  ADR deadline until after that order.

9      13.    **Consent to Magistrate Judge for All Purposes**

10  The parties have not consented to a Magistrate Judge for all purposes.

11      14.    **Other References**

12  There are no additional issues that have not yet been addressed in this statement.

13      15.    **Narrowing of Issues**

14  The parties do not believe that this case is suitable for reference to binding arbitration, a
15  special master, or the Judicial Panel on Multidistrict Litigation.

16      16.    **Expedited Schedule**

17  The parties are not amenable to an expedited case management schedule pursuant to
18  Federal Rule of Civil Procedure 26(f)(4).

19      17.    **Scheduling**

20  The parties propose that they meet and confer, and thereafter propose time lines and a
21  schedule for this case, after FireEye's motion to dismiss is resolved.

22      18.    **Trial**

23  Plaintiff and Defendant have each demanded a jury trial.  The parties do not currently have
24  an estimate of the trial length, as no discovery has been taken, and the case is in a preliminary

stage.

19. **<u>Disclosure of Non-Party Interested Entities or Persons</u>**

Both parties have filed their respective disclosure statements in accordance with Civil L.R. 3-16 and Federal Rule of Civil Procedure 7.1.

Plaintiff restates that no entities have a financial interest in the form of ownership of greater than 10% of the stock of Fortinet, Inc.

Defendant states that Sequoia Capital and Northwest Venture Partners own more than 10% of the stock of FireEye, Inc.

Respectfully submitted,

DATED: September 20, 2013              */s/ John M. Neukom*
                                        John M. Neukom (SBN 275887)
                                        Andrew M. Holmes (SBN 260475)
                                        QUINN EMANUEL URQUHART &
                                        SULLIVAN, LLP
                                        50 California Street, 22nd Floor
                                        San Francisco, California 94111
                                        Tel: 415-875-6600
                                        Fax: 415-875-6700
                                        johnneukom@quinnemanuel.com
                                        drewholmes@quinnemanuel.com

                                        Attorneys for Plaintiff
                                        FORTINET, INC.

DATED: September 20, 2013              */s/ Shane Brun*
                                        Shane Brun (SBN 179079)
                                        shane.brun@klgates.com
                                        **K&L GATES LLP**
                                        Four Embarcadero Center, Suite 1200
                                        San Francisco, CA 94111-5994
                                        Telephone: (415) 882-8200
                                        Facsimile: (415) 882-8220

                                        Attorneys for Defendant
                                        FIREEYE, INC.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ATTORNEY ATTESTATION**

I hereby attest, pursuant to Local Rule 5-1(i)(3), that the concurrence in the filing of this document has been obtained from the signatory indicated by the "conformed" signature (/s/) of Shane Brun within this e-filed document.

*/s/Andrew M. Holmes*